UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR DEMOTT TUCKER,

                    Petitioner,                        Case No. 1:12-cv-930

v.                                                Honorable Janet T. Neff

LLOYD RAPELJE,

                    Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.      Factual allegations

Petitioner Victor Demott Tucker presently is incarcerated at the Saginaw Correctional Facility. Petitioner pleaded guilty in the Van Buren County Circuit Court to one count of carjacking, MICH. COMP. LAWS § 750.529a. On September 20, 2010, he was sentenced to a prison term of 12½ to 25 years. Petitioner did not seek leave to appeal his convictions to either the Michigan Court of Appeals or the Michigan Supreme Court.

On or about August 28, 2012,[1] Petitioner filed the instant habeas application, raising the following five issues:

I.      THE [PETITIONER'S] SENTENCE WAS INVALID BECAUSE IT WAS BASED ON INACCURATE INFORMATION, I.E. IMPROPER SCORING OF THE LEGISLATIVELY IMPOSED SENTENCING GUIDELINES: USE OF AN INCORRECT BURDEN OF PROOF AND INSUFFICIENT FACTS, THEREFORE, HIS DUE PROCESS RIGHTS WERE VIOLATED.

II.     CORRECTLY SCORING THE GUIDELINES WOULD REQUIRE RESENTENCING.

III.    [PETITIONER] WAS DENIED DUE PROCESS AND A[N] OPPORTUNITY TO DEFEND AGAINST RESTITUTION DUE TO LACK OF NOTICE.

IV.     THE TRIAL COURT UNLAWFULLY VIOLATED THE UNITED STATES AND MICHIGAN CONSTITUTIONS IN SENTENCING THE [PETITIONER] TO A PRISON TERM OF 12½ TO 25 YEARS ON THE CARJACKING CONVICTION.

V.      THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL/APPELLATE COUNSEL(S).

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on August 28, 2012, and it was received by the Court on August 31, 2012. Thus, it must have been handed to prison officials for mailing at some time between August 28 and August 31. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner also has filed a motion to hold the habeas petition in abeyance (docket #3) so that he can exhaust his issues in the state courts.

## II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not yet exhausted his remedies in the Michigan state courts. He seeks to hold in abeyance these proceedings so that he may file a motion for relief from judgment in the Van Buren County Circuit Court, raising his five habeas grounds.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner

-3-

has at least one available procedure by which to raise the unexhausted issues he has presented in this application.  He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  MICH. CT. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations period provided in 28 U.S.C. § 2244(d)(1).  In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner was sentenced on September 20, 2010.  He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).  Petitioner had one year, or until September 20, 2011, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

-4-

Accordingly, Petitioner had one year, until September 20, 2012, in which to file his habeas petition. Petitioner timely filed his petition on August 28, 2012.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. However, assuming that *Palmer* applies, Petitioner has less than sixty days remaining before the statute of limitations period expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations period. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 22 (1982)

[3] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

(2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief."  *Id.*

Petitioner has filed a motion for stay and abeyance, in which he alleges cause for his failure to exhaust and requests a stay of this action to exhaust his unexhausted claims in state proceedings, in accordance with *Rhines*, 544 U.S. at 269.  Upon review of Petitioner's motion, the Court concludes that Petitioner has sufficiently alleged that there is good cause for his failure to exhaust his claims and that his unexhausted claims are not all plainly meritless.  In addition, there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78.

The Court therefore will grant Petitioner's motion to hold the petition in abeyance and will stay the proceedings pending Petitioner's exhaustion of his state-court remedies.

An Order consistent with this Opinion will be entered.


Dated:  October 9, 2012                       /s/ Janet T. Neff
                                         Janet T. Neff
                                         United States District Judge